IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KYREE LUIS PEREZ,

    Plaintiff,

v.                                  CASE NO. 5:16-cv-306-MP-GRJ

OFFICER JOHN DOE,
SGT. JOHN DOE,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently confined at Okaloosa CI, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, and seeks leave to proceed as a pauper. ECF Nos. 1, 2. This case is before the Court for screening of the Complaint. For the following reasons, the undersigned recommends that this case be dismissed for abuse of the judicial process.

The Complaint concerns an incident at Jackson CI during which Plaintiff was stabbed by another inmate. Plaintiff alleges that the unidentified defendants fled from the scene, leaving his life in jeopardy, in violation of his constitutional rights. Plaintiff states that he was placed in confinement at Jackson CI prior to being transferred. Plaintiff seeks

unspecified monetary damages and other relief.  Plaintiff admits that he did not exhaust administrative remedies before filing these case because he was transferred from Jackson CI to Okaloosa CI.

Plaintiff executed the complaint under penalty of perjury.  ECF No. 1 at 7.  The Court's civil rights complaint form requires prisoners to disclose their prior litigation history.  Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed."  ECF No. 1 at 3-4.  The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  ECF No. 1 at 3.

In response to these questions, Plaintiff represented that he had filed

no prior cases.  A review of the Court's PACER Case Locator reflects that, contrary to his sworn representations in the Complaint, Plaintiff filed at least one prior federal case that is currently pending in this Court: *Perez v. Unknown*, Case No. 4:16-cv-421-RH-GRJ.  The Court's complaint form clearly required disclosure of this previously-filed case.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted

with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Moreover, Plaintiff concedes that he did not exhaust the DOC's administrative remedy process with respect to his claims prior to filing the Complaint.   Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint." *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)).

Plaintiff's transfer to a different DOC facility following the incident does not relieve him of the obligation to exhaust the DOC's administrative remedy process before filing this case. Even if his transfer delayed initiation of the administrative remedy process, Plaintiff could have sought leave to file an out-of-time grievance. *See Harper v. Jenkin*, 179 F.3d 1311 (11th Cir.1999) (a plaintiff who fails to seek leave to file an out-of-time grievance fails to exhaust his administrative remedies as required by the PLRA). Thus, Plaintiff's admitted failure to exhaust administrative remedies provides an additional ground for dismissal.

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed prior to recommending dismissal. Plaintiff cannot plausibly claim that he was unaware of the existence of the undisclosed case that is currently pending, and he concedes that his claims are unexhausted.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for abuse of the judicial process and for failure to exhaust administrative remedies.

**IN CHAMBERS** this 16th day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**